NO. 07-00-0579-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 27, 2001

_____

VALTON ELSWORTH REGISTE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 262nd DISTRICT COURT OF HARRIS COUNTY;

NO. 850988; HONORABLE MIKE ANDERSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Valton Elsworth Registe appeals from his conviction for possession of marijuana in a usable quantity of more than five pounds and less than 50 pounds. We affirm.

Pursuant to a plea bargain, on November 14, 2000, appellant entered a plea of guilty to a charge of possession of marijuana of over five pounds and under 50 pounds. The trial court found that the evidence substantiated appellant's guilt, accepted the guilty

plea, and sentenced appellant to two years in the Institutional Division of the Texas Department of Criminal Justice. Appellant, acting *pro se*, filed a general notice of appeal on November 27, 2000. On December 14, 2000, appellant filed a second *pro se* Notice of Appeal in which he asserted that he desired to appeal all issues in his case, including those presented by written motions ruled on before trial, jurisdictional issues, and issues affecting the voluntariness of his plea.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which an arguably meritorious appeal can be predicated. Counsel thus concludes that the appeal is without merit. Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment. High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response to counsel's motion and brief.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109

2

S.Ct. 346, 102 L.Ed 2d 300 (1988); <u>Stafford v. State</u>, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We note, as does counsel for appellant, that appellant waived the making of a record of his plea proceedings. Although a written Motion to Suppress was filed pretrial, the motion was not heard or ruled on insofar as the record before us shows. The record reflects no affidavit, assertion or other evidence that appellant's plea was not voluntary as was found by the trial court and as reflected by the clerk's record. We, like counsel for appellant, have found no arguable grounds meriting an appeal. We agree that the appeal is without merit.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.

Phil Johnson
Justice

Do not publish.