NO. 07-01-0419-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 5, 2002

_____

DESMOND DEON CRADDOCK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 400TH DISTRICT COURT OF FORT BEND COUNTY;

NO. 34,230-B; HONORABLE J. BRADLEY SMITH, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Desmond Deon Craddock was convicted after a jury trial of aggravated robbery and assessed punishment by a jury of five years confinement in the Institutional Division of the Department of Criminal Justice. Timely notice of appeal was given by appellant.

Appellant's appointed attorney has now filed a motion to withdraw, together with an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, he certifies that after careful examination of the record, he has concluded that the appeal is without merit. He further certifies that he has forwarded a copy of the brief to appellant, along with a letter advising him of his right to review the record and to file a pro se brief. Appellant was notified by this court that he had until March 6, 2002, to file a brief if he desired to do so. As of this time, we have received neither a brief nor a motion for extension of time to file one. The State has waived its time for filing a brief in this matter.

In considering federal constitutional concerns of this type, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal and then must determine whether counsel has correctly concluded the appeal is frivolous. *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1985, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). We note that appellant's counsel on appeal also represented him at the trial court level and should therefore be familiar with the record.

In asserting that the appeal is frivolous, appellant's counsel states that appellant was identified by the victim and a co-defendant, and further that appellant confessed to the crime, but only admitted to having pointed a finger and not a gun at the victim. However, both the victim and co-defendant stated appellant had a gun or a pellet gun. Counsel

2

further argues that, by the authority established in *McCain v. State*, 22 S.W.3d 497, 503 (Tex.Crim.App. 2000), an object used to threaten deadly force is in fact a deadly weapon if it is capable of causing death or serious bodily injury.  A police officer experienced with pellet guns testified that, if it is placed in the right spot, a pellet gun is capable of causing death or serious bodily injury.  We further note that although the voluntariness of appellant's confession was raised at trial, there does not appear to have been any error in the trial court's ruling on its admissibility.

We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal.  Finding none, we are in agreement with counsel that the appeal is without merit and is therefore frivolous.  *Lacy v. State*, 477 S.W.2d 577, 578 (Tex.Crim.App. 1972).

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

John T. Boyd
Chief Justice

Do not publish.