NO. 07-02-0467-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 7, 2004

_____

MARK WAYNE CARTER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 67290; HON. LARRY GIST, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

On April 8, 1996, appellant entered a plea of nolo contendere to a charge of aggravated sexual assault. He was originally granted deferred adjudication and placed on probation for a period of ten years. On September 3, 2002, at a hearing on the State's motion to proceed to adjudication and after appellant's plea of true to three of the State's

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

allegations, the court adjudicated his guilt. His punishment was later assessed at 15 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's counsel has now filed an *Anders* brief with this court in which he states he has thoroughly examined the trial record and determined the appeal is without merit. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State,* 573 S.W.2d 807, 809-11 (Tex. Crim. App. 1978). With his brief, counsel has attached a copy of his letter to appellant forwarding a copy of the brief. Additionally, he has filed a motion to withdraw and notified appellant that he has filed such a motion and of appellant's right to file a pro se brief. Counsel also requested an extension of time within which appellant might file a pro se brief if he desired to do so. That motion was granted and the time for filing a pro se brief extended to July 22, 2003, with a further extension at appellant's request to September 22, 2003. Appellant has not filed a pro se brief.

Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). We have made an independent examination of the record to determine if there are any arguable grounds that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We

2

have found no such grounds and agree with counsel that the appeal is without merit and is frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974).

Accordingly, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

John T. Boyd
Senior Justice

Do not publish.