NO. 07-03-0095-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 22, 2004



______________________________




LINDMAN WILLIAMS OPDYKE, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B11976-9503; HON. ED SELF, PRESIDING



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 This is an appeal from the revocation of community supervision (probation) originally
granted appellant Lindman Williams Opdyke. On August 16, 1995, appellant pled guilty to
the offense of robbery and was sentenced to a ten year probated term in the Institutional
Division of the Texas Department of Criminal Justice and a fine of $10,000. On December
17, 2002, upon his plea of true to the allegations contained in the State's motion to revoke
probation, appellant was sentenced to ten years confinement. From this conviction,
appellant gave a timely notice of appeal.

 Appellant's appellate counsel has now filed an Anders brief with this court in which
he states he has thoroughly examined the trial record and determined the appeal to be
without merit. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967); High v. State, 573 S.W.2d 807, 809-11 (Tex. Crim. App. 1978). Appellant
indicates that he has mailed a copy of the brief to appellant. He has also asked to be
allowed to withdraw from the case.

 On November 7, 2003, our clerk notified appellant of our receipt of the Anders brief
and counsel's motion to withdraw and that appellant had a right to respond to the brief. By
letter dated November 25, 2003, appellate counsel certified that he had forwarded to
appellant his copy of the record and enclosed appellant's pro se motion for extension of
time within which to file a pro se brief. Appellant's motion to extend was granted and the
time within which he might file his pro se brief was extended to January 5, 2004. However,
we have not received a pro se brief or any further motions seeking an extension of time
within which to file such a brief. 

 Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney
has provided the client with a diligent and thorough search of the record for any arguable
claim that might support the client's appeal, and then we must determine whether counsel
has correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals of
Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). We have also
made an independent examination of the record to determine whether there are any
arguable grounds that might support the appeal. See Penson v. Ohio, 488 U.S. 75, 83, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991). We have found no such ground and agree with counsel that this appeal is without
merit and is frivolous. Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974).

 Accordingly, the judgment of the trial court is affirmed and counsel's motion to
withdraw is granted.


 John T. Boyd

 Senior Justice


Do not publish. 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 


s
and/or individuals to whom the defendant was indebted and the amount owed. However,
there is no further identification of the debts by date or check number. Next, while the
indictment in Cause No. CR-01J-152 mentions the name of the persons to whom the bad
checks were written, nothing is said of the check number or its specific amount. And, while
some of the names mentioned in the breakdown match some in the indictment, not all do. 
Furthermore, the Breakdown of Restitution attached to the order placing appellant on
community supervision in this proceeding also contains only the entity and/or person owed
and the amount, but no check number. (1) Thus, upon the record before us, the trial court
could have held that appellant failed to prove that the same checks were involved in both
proceedings and, therefore, that appellant was in fact being punished twice for the same
offense. And, because of that, the trial court did not abuse its discretion in denying the
plea. 

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam


Johnson, C.J., not participating. 

 

Do not publish.
1. We do not find that this list was before the trial court at the time that it ruled on the plea of double
jeopardy.