NO. 07-03-0402-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 26, 2005

_____

PAUL R. TRUJILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A13170-9809; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Paul R. Trujillo appeals from a judgment revoking community supervision and imposing sentence pursuant to conviction for possession of marihuana in an amount more than five pounds but less than fifty pounds. We affirm.

In accordance with a plea bargain, appellant entered a plea of guilty to a charge of possession of marihuana. The judge of the 64th District Court of Hale County (the trial

court), found that the evidence substantiated appellant's guilt, accepted the guilty plea, found appellant guilty, and sentenced appellant to confinement for seven years and a fine of $1,400. The confinement portion of the sentence was suspended and appellant was placed on community supervision for seven years.

The State filed a motion to revoke appellant's community supervision. The motion was heard on August 16, 2002. Appellant pled true to three of the four violations alleged as the basis for the motion. The trial judge found that appellant violated terms of his probation, modified appellant's community supervision, and extended appellant's probation for an additional three years.

The State filed another motion to revoke appellant's community supervision which was heard on September 5, 2003. Appellant again pled true to one of the violations alleged as the basis for the motion. The trial judge found that appellant violated his probation terms, revoked the order placing appellant on community supervision, and ordered that appellant serve the confinement portion of his sentence in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a general notice of appeal from the revocation.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed. In so certifying, counsel has identified three possible issues for appellate review and discussed why, under the controlling authorities, there is no reversible

error in the trial court proceedings or judgment.  See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).   Counsel has expressed his opinion that the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated.

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief.  Appellant has not filed a response to counsel's motion and brief.

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed. 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds.  We agree that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted.  The judgment of the trial court is affirmed.


Phil Johnson
Chief Justice


Do not publish.