Affirmed and Memorandum Opinion filed February 10, 2005









Affirmed and Memorandum Opinion filed February 10,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00062-CR

____________

 

ROBERT ALLEN GRAVES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th District
Court

Harris County,
Texas

Trial Court Cause No.
960,913

 



 

M E M O R A N D U M   O P I N I O N

After a jury trial, appellant was found guilty of the offense
of aggravated assault with a deadly weapon and was sentenced on January 6,
2004, to confinement for eight years in the Institutional Division of the Texas
Department of Criminal Justice.  Appellant
filed a timely notice of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant
filed a pro se response, raising four issues.

Appellant first argues that the trial court should have
suppressed the out-of-court identification of appellant.  The manner or content of a pretrial
identification procedure may render it impermissibly suggestive.  See Barley v. State, 906 S.W.2d 27, 33
(Tex. Crim. App. 1995).  An
identification resulting from presentation of only one suspect to the victim,
inferring that the suspect is the culprit, and asking the victim to identify
the criminal, has some degree of suggestiveness, but it may be necessary to
allow the witness to test his recollection while his memory is still fresh and
accurate.  Garza v. State, 633
S.W.2d 508, 512 (Tex. Crim. App. 1981). 
On-the-scene confrontation also can expedite the release of innocent
suspects and enables the police to continue searching for the criminal while he
is still in the area and before the criminal can alter his looks or dispose of
evidence of the crime.  Id.  








Even if an identification procedure is suggestive, the
admission of identification testimony does not violate due process so long as
the identification possesses sufficient aspects of reliability.  Id. at 513.  We must review the totality of the
circumstances, considering the following factors: A(1) the opportunity to view, (2) the
degree of attention, (3) the accuracy of the description, (4) the witness= level of certainty, [and] (5) the
time between the crime and the confrontation.@ 
Id.  In the present case,
the witness had ample opportunity to observe the man who held her at gunpoint
and shot her husband, her description of the assailant resembled appellant, her
certainty was demonstrated by her emotional reaction to seeing appellant, and
the lapse of time between the crime and her identification was between 30-40
minutes.  We must conclude that under the
circumstances of this case, there is not a substantial likelihood of
irreparable mis-identification.  Thus, we
find no error in the trial court=s refusal to suppress the
identification. 

Appellant next claims the the trial court should have granted
the motion to dismiss due to a conflict in witness testimony concerning the
deadly weapon finding.  Appellant
contends the testimony of Deputy Rocamontez conflicts with the testimony of the
State=s firearms expert, Bradley Bruns,
regarding the gunshot hole in the gymbag, which appellant had carried to the
scene.  Deputy Rocamontez testified that
he found the gym bag near the scene, and that it appeared it had been shot by
buck shot.  Deputy Rocamontez also
testified he found a Remington 20 gauge shell casing in the driveway of the
victims= next door neighbor.  

After Bruns, the firearms expert, testified that the spent
casing had been fired from the shotgun found near the scene, he testified that,
if the gymbag were shot at close range, it would not have the pattern of small
holes evident on the bag.  However, Bruns
testified that he had not tested the shotgun to determine the distance from
which any shot to the gymbag had occurred. 
Thus, Bruns could only determine by looking at the holes in the gymbag
that the shot was not a contact shot, and may not have been caused by a
shotgun.  We find no material conflict in
this testimony.

Appellant next contends he was denied a fair trial because
there was insufficient evidence of guilt. 
We disagree.  The evidence
consisted of the testimony of the victims, who identified appellant as the
assailant and described the violent nature of the assault, the testimony of the
police officer who found appellant in the area, and the testimony of a firearms
expert who identified the spent shellcasing found at the scene as having been
fired from the gun recovered near the scene. 
This evidence is sufficient to support the finding of guilt by the jury.








Finally, appellant claims the sentence was excessive based on
the nature of the offense and appellant=s background.  The jury was given the option of recommending
community supervision, based on appellant=s lack of prior convictions, but the
jury assessed punishment at eight years= confinement.  Aggravated assault is a second degree
felony.  Tex. Pen. Code Ann. ' 22.02(b) (Vernon Supp.
2004-05).  The range of punishment for a
second degree felony is a term of not more than 20 years or less than 2
years.  Tex.
Pen. Code Ann. ' 12.33(a) (Vernon 2003). 
Thus, the sentence of 8 years is not legally excessive.  Furthermore, the jury heard the testimony of
the victims, who were held at gunpoint and were in fear for their lives.  We find no merit to appellant=s claim.     

We have carefully reviewed the record, counsel=s brief, and appellant=s pro se response, and we agree the
appeal is wholly frivolous and without merit. 
Further, we find no reversible error in the record. 

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed February 10, 2005.

Panel consists of Justices
Anderson, Hudson, and Frost. 

Do Not Publish C Tex. R. App. P. 47.2(b).