Affirmed and Memorandum Opinion filed March 24, 2005









Affirmed and Memorandum Opinion filed March 24, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-04-00692-CR
&

      14-04-00693-CR

____________

 

JAMES KEITH
CRAWFORD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th District
Court

Harris County, Texas

Trial Court Cause Nos. 956,692
& 956,694

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offenses of
delivery of a controlled substance and possession of a controlled
substance.  On June 15, 2004, the trial
court sentenced appellant in each cause to confinement for fifteen years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  On January
3, 2005, appellant filed a pro se response.

Appellant raises complaints of ineffective assistance of
counsel and errors in sentencing. 
Appellant first claims that the trial court erred in exceeding the
maximum punishment of ten years in this case. 
The statutory punishment for possession or delivery of a controlled
substance of less than one gram is confinement in a state jail facility for any
term of not more than two years or less than 180 days, and assessment of a fine
not to exceed $10,000.  Tex. Pen. Code Ann. ' 12.35(a)-(b) (Vernon 2003).  However, if the defendant has been previously
convicted of one or two felonies, the defendant shall be punished for a
second-degree felony.  Id. at ' 12.42(a)(2)-(3).  Punishment for a second degree felony is for
any term of not more than 20 years or less than 2 years.  Id. at ' 12.33.  Appellant received a sentence of 15 years for
each offense, and this sentence falls within the statutory guidelines.  Accordingly, there is no merit to appellant=s claim of excessive punishment.

Appellant next claims that he received ineffective assistance
of counsel because  his attorney did not
advise him of the possibility of enhancements or that he would be convicted of
both offenses.  The plea papers appellant
signed contained the prior convictions. 
The plea mentioned that certain paragraphs had been dropped, but did not
state that the enhancement paragraphs had been dropped.  Accordingly, appellant was advised of the
possibility of enhancements.  We find no
merit to this complaint.








Appellant also asserts that the appeal should have been
abated for findings concerning ineffectiveness of trial counsel during the plea
hearing.  To establish trial counsel was
ineffective, appellant must show by a preponderance of the evidence that his
counsel=s representation fell below the
standard of prevailing professional norms, and there is a reasonable
probability that, but for counsel=s deficiency, the result would have
been different.  Dewberry v. State,
4 S.W.3d 735, 757 (Tex. Crim. App. 1999). 
The review of counsel=s representation is highly deferential and we must indulge a
strong presumption that counsel=s conduct falls within a wide range of reasonable
representation.  Id. (citing Strickland
v. Washington, 466 U.S. 668, 689 (1984)). 


Appellant claims his counsel was ineffective for failing to
file a motion for new trial on the ground that his sentence did not comport
with plea discussions.  The record,
however, shows that appellant agreed to plead guilty without any agreed
recommendation as to sentencing and that enhancement from two prior felony
convictions were part of the plea.  The
plea document reveals the enhancements and appellant=s agreement to this is shown by his
signature on the document.  Appellant did
not request a record of the plea hearing and cannot show error during the plea
hearing.  Thus, based on the record
available, appellant cannot show that trial counsel=s performance in failing to file a
motion for new trial regarding voluntariness of the plea was deficient
representation.  The sentences appellant
received fell within the statutory range for the convictions for delivery and
possession of a controlled substance with enhancements for prior felony
convictions.  Accordingly, we find no
merit to appellant=s final issue.

Having carefully reviewed the record, counsel=s brief, and the pro se response, we
agree the appeals are wholly frivolous and without merit.  Further, we find no reversible error in the
record.  

Accordingly, the judgments of the trial court are affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed March 24, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson. 

Do Not Publish C Tex. R. App. P. 47.2(b).