Jerry Lee HIGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 52466.

Court of Criminal Appeals of Texas,
Panel No. 1.

Nov. 29, 1978.

Gerald B. Scheve, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Alvin M. Titus, Asst. Dist. Atty., Houston, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury for aggravated sexual abuse of a child. The jury assessed punishment at imprisonment for ten (10) years.

On May 26, 1976, we abated the appeal and ordered the trial court to conduct a hearing on the question of appellant's indigency vel non. Subsequent to that decision, the trial court found appellant indigent, ordered a free transcription of the court reporter's notes, and appointed counsel to represent appellant on appeal. The cause is again before us on a supplemental transcript, which contains a transcription of the court reporter's notes and a "frivolous appeal" brief filed by court-appointed appellate counsel, who was also retained counsel at trial. Therefore, we reinstate the appeal for further consideration.

Since we find that the brief filed by court-appointed counsel does not measure up to the decision of the Supreme Court of the United States in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), nor to the decision of this court in *Currie v. State,* 516 S.W.2d 684 (Tex.Cr. App.1974), we find it necessary to abate this appeal again for further proceedings. Moreover, since far too many appeals have had to be abated by this court for non-compliance with *Anders* and *Currie,* we find it necessary and appropriate to elaborate on those decisions and to discuss the duty of the trial courts of this state in seeing that the requirements of those decisions are met.

Following the giving of notice of appeal, the first decision on the merits of an appeal belongs to the trial court. Article 40.09(12), V.A.C.C.P., provides:

"It shall be the duty of the trial court to decide from the briefs and oral argu-ments, if any, whether the defendant should be granted a new trial by the trial court. This duty shall be performed within the period of thirty days immediately after the state's brief is filed, or, if none be filed, then within the period of thirty days immediately after the last day on which the state's brief could be timely filed. Omission of the court to perform this duty within such period shall constitute refusal of the court to grant a new trial to defendant."

This rather unique provision in our appellate procedure was designed to give a conscientious trial judge the opportunity to see the briefs, the contentions and the appellate record as it will appear on review to the Court of Criminal Appeals with the authority at that point to grant a new trial if the trial judge believes the same is called for. If the reversible error is apparent, there is no logic in allowing the case to proceed through appellate process until the Court of Criminal Appeals reverses the case. Much delay and waste of judicial time and effort occurs otherwise. There was another purpose to the above provision and that was the hope that trial judges in performing their duty thereunder might lessen the heavy caseload of the Court of Criminal Appeals.

It appears, however, from the records coming before this court, especially those from metropolitan and other areas where dockets are crowded, the duty imposed by § 12 of Article 40.09. *supra,* is omitted more often than it is performed. Yet, this is an important duty, not only for the reasons discussed above but to afford an indigent appellant with the effective assistance of counsel. This is especially true in cases in which court-appointed counsel files a "frivolous appeal" brief. When this is done, the trial judge should determine if the "frivolous appeal" brief meets the minimum requirements of *Anders* and *Currie.* If this duty is not performed by the trial court, this court, many months later, must abate the appeal and remand the cause to the trial court for compliance with those decisions. Thus, where trial judges fail to

perform their duty and this court is left to enforce the requirements of *Anders* and *Currie* much delay results, judicial manpower is wasted and criticism is heaped upon the administration of criminal justice in Texas.

The Court of Criminal Appeals has the heaviest caseload of any state appellate court in this nation, and we are required to write an opinion in every case decided. The docket is overcrowded, the work overwhelming, nevertheless we are constantly confronted with reviewing records where the "frivolous appeal" briefs do not meet the requirements of *Anders* and *Currie* and nothing was done in the trial court before the record came to this court, even in those trial courts blessed with court administrators and coordinators, etc. The better practice would be for court-appointed counsel on appeal to inform the court by letter or other instrument available for filing that he has filed a "frivolous appeal" brief, and certainly clerk personnel should be alert enough to call the matter to the court's attention, and trial court administrators and coordinators, available in many courts, should be examining these appellate records in order to call such matters to the trial judge's attention.

We have had previous occasion to discuss the duty of trial judges in cases where no brief is filed in an indigent appellant's behalf. In *Yates v. State,* 557 S.W.2d 115 (Tex.Cr.App.1977), we stated:

"It is settled that the Texas and United States Constitutions require that an indigent defendant is entitled to the effective assistance of counsel on appeal. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974); *Hawkins v. State,* 515 S.W.2d 275 (Tex.Cr.App.1974); *McMahon v. State,* 529 S.W.2d 771 (Tex.Cr.App. 1975). And, the decision of the Supreme Court of the United States in *Anders v. California,* supra, requires that court-appointed counsel file a brief in appellant's behalf. In the instant case the court-appointed counsel has failed to perform that duty.

"The appeal will be abated so that appellate briefs may be filed. It will be the duty of the trial court to see that this is done under Article 40.09, V.A.C.C.P. If this is not done, the trial court has authority to punish for contempt under Article 1911a, V.A.C.S.

"The court still has control over the case until the record reaches this Court. *Rangel v. State,* 408 S.W.2d 231 (Tex.Cr. App.1966). Even though a late brief is filed, he can grant a new trial. If the court refused to grant a new trial after a late brief has been filed and the record is forwarded to this Court, then this Court will determine if the brief will be considered on appeal. This will give the trial court an opportunity to pass upon the grounds raised in the brief before it reaches this Court."

The statements in *Yates* are equally applicable to cases in which "frivolous appeal" briefs are filed in behalf of an indigent; and, it is the primary duty of the trial courts to see that the requirements of *Anders* and *Currie* are met.

In *Guillory v. State,* 557 S.W.2d 118 (Tex. Cr.App.1977), we had occasion to discuss in further detail how trial judges might handle the situation where no brief is filed in an indigent appellant's behalf. The following language from that opinion is equally applicable to cases in which "frivolous appeal" briefs are filed in behalf of an indigent:

"As has been stated above, the trial court also has the duty to provide an indigent defendant with the effective assistance of counsel on appeal. This assistance, however, cannot be afforded without requiring that counsel file a brief in an appellant's behalf. The trial judge has the authority to require appointed counsel to file a brief in appellant's behalf. *Luna v. State,* 527 S.W.2d 548 (Tex. Cr.App.1975). If a court-appointed attorney fails to file a brief within the time provided by Art. 40.09(9) and fails to request an extension of time from this Court under Art. 40.09(16), the trial court

still has the authority to require appointed counsel to file a brief in an appellant's behalf. There are many ways for the trial court to exercise this authority. Upon learning that no brief has been filed in appellant's behalf under Art. 40.-09(9), the trial court can issue an order commanding court-appointed counsel to file a brief within a specified period of time. If no brief is filed within that time, the trial court can issue another order requiring counsel to show cause as to why he should not be held in contempt. See Art. 1911a, supra. The trial court can also report counsel to the appropriate grievance committee for disciplinary action. In the alternative, the trial judge can relieve an appointed attorney who has not fulfilled his duties to his client and appoint an attorney who will act as an advocate to represent the indigent on appeal. The trial judge can also see to it that recalcitrant attorneys receive no further appointments to represent indigents in his court."

We are confident that trial judges will perform their responsibility under Article 40.09(12), supra, and will see to it that any "frivolous appeal" briefs filed in their courts will pass muster under *Anders* and *Currie.* We now turn to what *Anders* requires of court-appointed counsel and the reviewing court.

In *Anders* the defendant's appointed counsel had written the reviewing court, stating:

"I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have explained my views and opinions to him . . . . [H]e wishes to file a brief in this matter on his own behalf."

In holding this insufficient, Mr. Justice Clark, speaking for a majority of the Court, stated:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curi-

ae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. [Footnote omitted]. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.* If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. *On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.*

"This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. *It would also induce the court to pursue all the more vigorously its own review because of ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate.* Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled. This procedure

will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel." (Emphasis supplied.)

■ Thus, it may be seen that, in the last analysis, it is up to the court, not counsel, "after a full examination of all proceedings, to decide whether the case is wholly frivolous." *Anders* further points out that this task cannot be performed by a reviewing court unless court-appointed counsel's brief contains "ready references not only to the record, but also to the legal authorities as furnished it by counsel." By filing a brief "referring to anything in the record that might arguably support the appeal" which supplies ready references to the record and legal authorities, counsel aids the reviewing court in studying a cold record.

■ As applied to Texas procedure, court-appointed counsel should, in his brief, refer to anything in the record that might arguably support the appeal and make ready references to the record and legal authorities in order to assist the trial court, in the first instance, to determine whether a new trial should be granted under Article 40.09(12), supra. If the trial court finds any of the legal points arguable on their merits, and therefore not frivolous, it must, prior to decision, afford the indigent the assistance of counsel in order to argue those points. If the trial judge declines to grant a new trial it should not allow court-appointed counsel to withdraw from the case unless other counsel is appointed, because the defendant is entitled to the effective assistance of counsel before this court. Moreover, if trial judges omit to perform their duty, many appeals will still have to be needlessly abated by this court.

One of the cases cited in footnote three in *Anders* for comparative purposes is *Johnson v. United States,* 124 U.S.App.D.C. 29, 360 F.2d 844 (1966). In that case the court pointed out that it was the policy in the United States Court of Appeals for the District of Columbia Circuit that in cases where court-appointed counsel concludes that an appeal is frivolous he must, nevertheless, "file a supporting memorandum analyzing the case legally," citing references to the record, "and also citing any case or cases upon which counsel relied in arriving at his ultimate conclusion." Circuit Judge (now Chief Justice) Burger, in a concurring opinion, went into further detail. He stated:

"The lawyer engaged in defense of an accused should be—and should be recognized as—a *professional* advocate with a highly important but none the less limited function, i. e., limited and circumscribed by the rules of the system and the ethics of the profession. [Footnote omitted.] At the trial stage his duty is to put the prosecution to its proof, to test the case against the accused, to insist that the procedural safeguards be followed and to put forward evidence which is valid, relevant and helpful to his client. On appeal his function is to point to trial errors, if such there be, and expound the applicable rules of law. In short he is to 'put his client's best foot forward'. This does not require nor warrant his advancing absurd or legally frivolous contentions. Counsel, not the client, must make the decisions as to how to present a case. [Footnote omitted.] Indeed it is neither necessary nor desirable to present baseless contentions in performing his duty to expose deficiencies or frailties in the trial proceedings.

"*Even when his trained judgment tells him that the client's cause on appeal is well nigh hopeless, the court-appointed counsel performs an important function by making sure that the reviewing court understands all the salient facts and all the relevant legal authorities before reaching a final decision. Although an appellate court must view the record in the light most favorable to the appellee, appellant's counsel serves both his client and the Court by bringing all record facts to the reviewers' notice. Indeed an advocate performs a most important function when by his analysis he presents the crit-*

*ical issues and brings to the Court all the facts and law and is prepared to respond to questions.* [Footnote omitted.]

"This can often be an unenviable role for counsel after a jury has found the accused guilty. That this will be true in most appeals flows from the obvious fact that if the system of administering justice is properly run only a small proportion of appeals can be successful and even 'winning' is most often no more than the chance for a new trial before another jury. But we must remember that the advocate is not a guarantor for his client and he does not endorse or vouch for either the client or his case. *He presents all factors favorable to appellant including in some cases advocating a change in rules of law if rational arguments can be advanced in support of the change. He may properly inform the Court of points his client argues but he is not required to press such points against his own informed professional judgment.*

"Counsel whose motion [for leave to withdraw] we now deny must remember that under our adversary system an appellate court cannot function efficiently without lawyers to present whatever there is to be said on behalf of an appellant, however meager his claims may be, so that the Court can make an informed appraisal.

"The advocate's role and duty on appeal, as at trial, is not to 'win' or set his client free, but to see that the case is tried and reviewed in accordance with a set of rules which have evolved from centuries of experience and which are still being changed. When the advocate has done that, he has discharged his duty. He should not be asked to do more and he ought not to do less. And when he has fulfilled that duty he is entitled to the protection of the court against reckless and irresponsible attacks from the client whose conviction is affirmed." (Emphasis supplied.)

█ In the instant case the cold record before us consists of well over 600 pages. However, omitting the title page, the table of contents and the certificate of counsel, the brief consists of less than one and one-half pages. The only discussion of the merits of the appeal is the following:

"Upon examination of the transcript there does not appear to be any ground upon which an appeal can be based. The only matter that arose in the trial was a matter of credibility of the witnesses. This matter of credibility was within the province of the jury and they have reached the conclusion as cited above.

"There were no objections by defense counsel or any possible points of error. There were only two possible points of error in the entire transcript; this being two comments made by the prosecution attorney during his final summation, however, neither of these references to his belief of the Defendant's guilt rises to the point of being able to be possible reversible errors."

This brief does not meet *Anders'* requirements. It does not refer us to anything in this cold record which might arguably support the appeal; it does not discuss any of the evidence adduced at the trial; it does not supply us with ready references to the record, nor does it supply us with any citation of legal authorities. The brief could not have been of any assistance to the trial court and, certainly, is of no assistance to this court.

In *Currie* we recognize that there are cases in which counsel cannot, in good faith, advance any arguable grounds of error. However, in those instances, we require the brief of counsel to contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. However, the brief filed by counsel in the instant case does not even meet the requirements of *Currie.* It must be kept in mind that this was not a case in which appellant pleaded guilty to the charges against him and judicially admitted his guilt. It was a contested case before a jury both on the issue of guilt or innocence and on the issue of the proper punishment to be assessed. Although counsel's brief states that no objec-

tion on behalf of the defendant was made at the trial, a review of the record reveals that at least one such objection was made. Moreover, the brief does not address the State's objections which were sustained by the trial court. It does not discuss the testimony adduced at the trial or the sufficiency of the evidence to support appellant's conviction.

We now hold that in contested cases where "frivolous appeal" briefs are filed by court-appointed counsel the trial court should not accept and this court will not accept such briefs unless they discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court. Court-appointed counsel are expected to comply with the decisions in *Anders* and *Currie* and are admonished to follow the concurring opinion in *Johnson.*

The appeal is abated and the cause is remanded in order that the trial court might provide appellant with the effective assistance of counsel on appeal. See *Guillory v. State,* supra.

It is so ordered.