NO. 07-97-0373-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 17, 2002

_____

JOE L. MACKEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-424181; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Joe L. Mackey appeals from his conviction for possession with intent to deliver cocaine, a controlled substance. We affirm the judgment as modified.

Appellant was indicted by a Lubbock County grand jury in Cause Number 97-424181 in the 140th District Court (the trial court) for delivery of a controlled substance and for possession of a controlled substance with intent to deliver. A jury found him guilty of possession with intent to deliver cocaine of the aggregate weight, including adulterants or

dilutants, of less than four grams but at least one gram. The jury assessed punishment at confinement in the Texas Department of Criminal Justice, Institutional Division, for 15 years.

Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.

In reaching the conclusion that the appeal is without merit, counsel advances three possible issues: (1) whether the trial court erred in overruling appellant's challenges for cause of members of the jury venire, (2) whether the trial court erred in overruling appellant's challenge to the State's use of two of its peremptory challenges to strike African-American members of the venire, and (3) whether a fatal variance existed between enhancement allegations of the indictment and trial proof when the indictment did not allege a final date for conviction of the enhancement offenses. After referencing, analyzing and discussing the record of the jury venire *voir dire* proceedings, the Batson[1] hearing concerning the State's reasons for its peremptory challenges to two African-American veniremembers and the trial record, counsel has discussed why, under the

_____

[1] See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

controlling authorities, there is no reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Indeed, appellant has filed a response to counsel's motion and brief. In his response, appellant urges the issues identified by his counsel in the Anders brief, but simply advances the position that the trial court erred in its rulings.

The State has filed a brief in response to the brief of appellant's counsel and appellant's *pro se* response to his counsel's brief. The State concludes that the appeal presents no reversible error.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is without merit.

During our review, however, we noted that the trial court's judgment correctly recites the jury verdict finding appellant guilty of possessing, with intent to deliver, cocaine by aggregate weight, including adulterants or dilutants, of "less than four (4) grams but at least one (1) gram." The judgment, however, then incorrectly finds appellant guilty of the

offense of "Possession with Intent to Deliver a Controlled Substance - Cocaine less than two [sic] (200) grams but at least four (4) grams . . . ."

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is modified as follows: language of the judgment finding or referencing that appellant is guilty of possession with intent to deliver a controlled substance - Cocaine less than ". . . two (200) grams but at least four (4) grams . . ." is modified to read that appellant is guilty of possession with intent to deliver a controlled substance - Cocaine less than ". . . four (4) grams but at least one (1) gram . . . ." See TEX. R. APP. P. 43.2(b). Except as specifically modified, the judgment of the trial court is affirmed.

Phil Johnson
Justice

Do not publish.