MEMORANDUM OPINION




No. 04-02-00130-CR



Raul OLIVAREZ, III,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 2001CR0711B


Honorable Philip A. Kazen, Jr., Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: July 16, 2003


AFFIRMED

 On January 28, 2002, Raul Olivarez pled nolo contendere to committing the offense of
burglary of a habitation and was sentenced to eight years imprisonment and a $1000 fine in
accordance with the terms of his plea-bargain agreement. Olivarez filed a timely notice of appeal.
His court-appointed appellate attorney filed a brief in which she raises two arguable points of error,
but nonetheless concludes that this appeal is frivolous and without merit. Anders v. California, 386
U.S. 738 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 

 Olivarez filed a pro se brief, arguing that he was denied effective assistance of counsel and
that the State failed to follow the plea-bargain agreement. (1) We have reviewed the record and
counsel's brief. We agree that the appeal is frivolous and without merit. The judgment of the trial
court is affirmed. 


 Karen Angelini, Justice


Do not publish
1. The plea-bargain agreement states that the "State will not file deadly conduct in case JN #941641." At the
sentencing hearing, Olivarez's counsel and counsel for the State agreed that the deadly conduct charge had been
erroneously filed. To correct the error, the State presented the trial court with a dismissal form, and the charge was
dismissed. The trial court then sentenced Olivarez to eight years imprisonment and a $1000 fine in accordance with
the plea-bargain agreement. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2003). Even though
Olivarez knew at the time of sentencing that the State had erroneously filed the charge in case number 941641, he still
asked the court to sentence him in accordance with the plea-bargain agreement. And at no time did Olivarez move
to withdraw his plea. Moreover, the charge was dismissed. Nothing in the record indicates that Olivarez was harmed
by the State erroneously filing the charge. Olivarez contends that he has been harmed because the State's mere filing
of the charge is "on his criminal history record." There is nothing in the record to indicate that the filing of the charge
is "on [Olivarez's] criminal history record." We, therefore, conclude that Olivarez's argument is frivolous.