NO. 07-03-0299-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 15, 2004

_____


ROSEANDA GONZALES MORALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A 13785-0008; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Roseanda Gonzales Morales appeals from a judgment adjudicating guilt for theft of property and imposing punishment of confinement for two years in a state jail facility.  We affirm.

Appellant was charged by indictment with the offense of theft of property with a value of $1,500 or more but less than $20,000.00.  Pursuant to a plea agreement with the

State, appellant waived trial by jury and entered a plea of guilty. The trial court accepted the plea of guilty, found that the evidence established appellant's guilt, followed the plea agreement and placed appellant on deferred adjudication for five years. Appellant did not appeal from the proceedings.

On June 27, 2002, a Motion to Proceed With Adjudication of Guilt was filed. Appellant pled true to the allegations. The trial court modified the terms of appellant's community supervision by extending the term of supervision to seven years. A second Motion to Proceed was filed. A hearing was held on the second motion and appellant pled true to the allegations. The court adjudicated appellant and sentenced her to confinement in the Texas Department of Criminal Justice, State Jail Division, for two years.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that, in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised

appellant of appellant's right to review the record and file a response to counsel's motion and brief.  Appellant has not filed such a response.

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal.  <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80,109 S.Ct. 346, 102 L.Ed 2d 300 (1988); <u>Stafford v. State</u>, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds.  We agree that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted.  The judgment of the trial court is affirmed.

Phil Johnson
Chief Justice

Do not publish.