NUMBER 13-04-141-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

FLOYD JUNIOR JAYCOX,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 24th District Court of Calhoun County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Yañez
Memorandum Opinion by Justice Yañez
 
          The attorney appointed to represent appellant, Floyd Junior Jaycox, has filed an
Anders brief, asserting there is no basis for appeal.


 We agree, and dismiss the appeal.
          On March 6, 2003, appellant pled guilty to burglary of a habitation, a first-degree
felony.


 Pursuant to a plea bargain, the trial court deferred adjudication and placed
appellant on deferred adjudication community supervision for ten years. 
          On February 12, 2004, the State filed an amended petition to adjudicate guilt,
alleging that appellant had violated various conditions of his community supervision. 
Appellant pled “true” to violating various conditions of his community supervision. 
Following a hearing, the trial court adjudicated appellant guilty and sentenced him to thirty-five years imprisonment.
          The record contains the trial court’s certification that this is not a plea-bargain case
and the defendant has the right of appeal.


 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it.


 
A. Anders Brief
          As noted, the brief filed with this Court by appellant’s attorney asserts there is no
basis for appeal.


 According to the brief, counsel has reviewed the clerk’s record and
reporter’s record and has concluded that appellant’s appeal is frivolous and without merit.


 
The brief meets the requirements of Anders as it presents a professional evaluation
showing why there are no arguable grounds for advancing an appeal.


 In compliance with
High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully
discussed why, under controlling authority, there are no errors in the trial court’s judgment. 
The brief includes a letter from appellant’s counsel informing appellant of his right to review
the appellate record and to file a pro se brief. 
B. Appellant’s Pro Se Brief 
          On September 9, 2004, appellant filed a pro se brief and on December 13, 2004,
he filed a “subsequent” pro se brief. In his September 9 brief, appellant complains
generally that the trial court erred in: (1) failing to hold a separate punishment hearing
following adjudication; (2) considering his juvenile criminal record; (3) accepting the State’s
recommended sentence; (4) failing to order a determination as to appellant’s competency;
(5) denying his request to cross-examine a witness; (6) depriving him of his Fifth
Amendment right to remain silent; (7) considering the State’s allegations and other
unadjudicated offenses against him without proper notice; (8) classifying the offense
against him as a first-degree felony rather than a second-degree felony; (9) considering
three prior counts of burglary of a habitation as three separate convictions; (10) finding the
evidence legally and factually sufficient to support his guilt; and (11) that the judge,
prosecutors and his court-appointed attorney all pre-judged him prior to “trial.”


 
          In his first issue, appellant complains that the trial court erred in failing to hold a
separate punishment hearing following adjudication. 
          Article 42.12, section 5(b) of the code of criminal procedure provides that no appeal
may be taken from a trial court’s determination to proceed with adjudication of guilt.


 
However, an appeal may be taken to challenge the assessment of punishment and
assessment of sentence.


 While a defendant appealing from deferred adjudication may
raise an issue unrelated to his conviction, such as a complaint concerning the punishment
imposed, an objection is required to preserve error.


 An appellant can preserve the trial
court’s failure to provide an opportunity to present evidence regarding punishment by
raising the issue in a motion for new trial.



          Here, the record reflects that after appellant pled “true” to eleven paragraphs in the
State’s amended petition to adjudicate, the trial court proceeded to hear evidence
regarding the remaining six paragraphs in the State’s petition. Following the presentation
of the State’s witnesses, the trial court heard testimony from appellant, his mother, sister,
brother, and another relative. His mother testified concerning her opinion regarding various
punishment options. Similarly, his sister testified regarding what punishment would be
appropriate for appellant. Appellant’s brother also testified regarding his concerns for
appellant’s safety if the court imposed a prison sentence. 
          Appellant neither objected to the trial court’s failure to hold a separate punishment
hearing, nor filed any motion for new trial complaining of an inability to present punishment
evidence. 


 Thus, he has waived any error.


 Moreover, the record reflects that appellant
not only had the opportunity, but did present evidence regarding punishment during the
proceeding. Nothing further is required.


 We overrule appellant’s first issue.
          With regard to the remaining issues raised in appellant’s September 9 brief, the brief
makes no specific references to the record and fails to cite any authorities in support of
appellant’s contentions. “[I]n accordance with rule 38.1(h) of the Texas Rules of Appellate
Procedure, we will only consider contentions that are supported by clear and concise
arguments with appropriate citations to authorities and to the record.”


 Because
appellant’s contentions are inadequately briefed, we will not consider them on appeal. 
          In his December 13, 2004 “subsequent” brief, appellant contends: (1) his plea was
involuntary; (2) he was denied effective assistance of counsel; (3) he was entrapped; and
(4) his counsel breached the confidential attorney-client relationship. Again, appellant’s
brief fails to include any specific references to the record and fails to cite any authorities
in support of his contentions. Accordingly, we will not consider them on appeal.


 
C. Independent Review Of The Record
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.”


 We
have carefully reviewed the appellate record, counsel’s brief, and appellant’s pro se briefs. 
We find nothing in the record that might arguably support this appeal. We agree with
appellant’s counsel that the appeal is wholly frivolous and without merit.
          Accordingly, we dismiss this appeal.
B. Motion to Withdraw
          Additionally, counsel has requested to withdraw from further representation of
appellant on this appeal. An appellate court may grant counsel's motion to withdraw filed
in connection with an Anders brief.


 We grant counsel's motion to withdraw and order him
to notify appellant of the disposition of his appeal and of the availability of discretionary
review.


 



                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
31st day of March, 2005.