NO. 07-05-0147-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 2, 2005


______________________________



ROBERT SCHERER AND SCS CONSTRUCTION MANAGEMENT INC.,




 Appellants


v.



DEAN ANGELL and SALLY ANGELL, 




 Appellees


 _________________________________



FROM THE 281st DISTRICT COURT OF HARRIS COUNTY;



NO. 2003-20697; HON. DAVID BERNAL, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Robert Scherer and SCS Construction Management Inc. appeal from the trial court's
judgment awarding damages to appellants Dean and Sally Angell. The clerk's record was
filed on May 3, 2005. The reporter's record was due on May 2, 2005. On May 13, 2005,
a letter was sent to the court reporter requesting a reporter's status. No response has been
received, though due by May 23, 2005. 

 Accordingly, we abate this appeal and remand the cause to the 281st District Court
of Harris County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. why the reporter's record has not been filed; 


 when the reporter's record can reasonably be filed in a manner that
does not have the practical effect of depriving the appellants of their
right to appeal or delaying the resolution of this appeal. 


 

 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record and reporter's record transcribing the hearing with the clerk of this court on or before
June 30, 2005. Should further time be needed by the trial court to perform these tasks,
then same must be requested before June 30, 2005.

 It is so ordered.

 Per Curiam





pellant's right of confrontation and cross-examination by the admission of an out-of-court testimonial statement of a co-actor. 
However, after referencing, analyzing and discussing the trial record, counsel has
discussed why, under the controlling authorities, there is no arguably reversible error in the
trial court's judgment. See High v. State, 573 S.W 2d 807, 813 (Tex.Crim.App. 1978).
Counsel's brief demonstrates a conscientious review of the entire record and analysis of
the legal issues involved in a potential appeal.

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of his right to review the record and file a response to counsel's motion and brief. 
Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 82-83,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is
frivolous.

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.


 Mackey K. Hancock

 Justice




 


Do not publish.