NO. 07-04-0404-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 13, 2005



______________________________


 

ARTURO MARTINEZ NUNEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B15388-0402; HONORABLE ED SELF, JUDGE


_______________________________




Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Arturo Martinez Nunez, appeals from a judgment of conviction for the
offense of aggravated sexual assault and a sentence of confinement in the Institutional
Division of the Texas Department of Criminal Justice of 99 years and a fine of $10,000.00. 
Overruling appellant's issue, we affirm.

 Appellant's sole issue on appeal is that the trial court erred in denying appellant's
challenges for cause to 26 members of the jury panel. The appellant concedes that the
evidence was sufficient to sustain the verdict. Therefore, only the facts relevant to the
issue will be recited.

 Prior to announcements for trial, appellant filed his application for community
supervision. After pretrial matters were concluded, the jury panel of 47 members were
brought into court and voir dire was commenced. Much of appellant's voir dire was spent 
explaining the full range of punishment for the offense, including community supervision. 
Appellant asked each jury panel member if they could consider probation as part of the
punishment in a sex-related offense. Twenty-seven of the panelists said, in one form or
another, that they could never consider community supervision as a possible punishment
in a sex-related offense. Of the 27 panelists so answering, appellant challenged 26 for
cause stating that they were disqualified because they could not consider the full range of
punishment. The trial court denied the challenges. Subsequently, appellant requested 26
additional peremptory challenges, which the trial court denied. Finally, appellant asked for
any number of additional peremptory challenges up to 26. This request was also denied
by the trial court. The appellant then exercised his ten statutory peremptory challenges. 
Prior to seating the jury, appellant's attorney requested the trial court bring the challenged
panel members before the bench to discuss qualification issues. The trial court denied the
request and the names of the jurors were called from the list and they were seated, sworn
and instructed. 

 Following a verdict of guilty and punishment assessed by the same jury, appellant
appeals contending that the trial court abused its discretion in seating objectionable jurors
after he had properly challenged them for cause. 

 To preserve error when a trial court erroneously denies a challenge for cause, an
appellant must: (1) assert a clear and specific challenge for cause; (2) use a peremptory
strike on the complained of prospective juror; (3) exhaust his peremptory strikes; (4)
request additional peremptory strikes; (5) identify an objectionable juror; and (6) claim that
he would have struck the objectionable juror with a peremptory strike if he had one to use.
Allen v. State, 108 S.W.3d 281, 282 (Tex.Crim.App. 2003), cert. denied, 540 U.S. 1185,
124 S.Ct. 1405, 158 L.Ed.2d 90 (2004). Appellant contends that eight objectionable jurors
served on the jury. However, the record reflects that appellant never identified the
objectionable jurors nor claimed that he would have used a peremptory challenge against
them. Absent these requirements to preserve error, there is nothing for this court to
review. Id. at 283.

 Appellant's sole issue is overruled and the judgment of the trial court is affirmed.


 Mackey K. Hancock

 Justice



Do not publish. 




" Priority="68" Name="Medium Grid 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-09-0194-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 24, 2010

__________________________

 

GLORIA RAMIREZ,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

__________________________

 

FROM THE 137TH  DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2009-422,964;
HONORABLE CECIL G. PURYEAR, JUDGE

___________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant,
Gloria Ramirez, was convicted of one count of injury to a child, 14 years of
age or younger,[1]
and six counts of endangering a child.[2]  The jury sentenced appellant to a term of
confinement of ten years in the Institutional Division of the Texas Department
of Criminal Justice and a fine of $10,000 on the injury to a child
conviction.  The jury sentenced appellant
to two years in a State Jail Facility and a fine of $2,000 on each of the child
endangering charges.  All sentences were
to be served concurrently.  Appellant has
appealed the judgments of conviction.  We
affirm.

Appellant=s attorney has filed an Anders brief and a
motion to withdraw.  Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498
(1967).  In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and
in his opinion, the record reflects no reversible error upon which an appeal
can be predicated.  Id.
at 744-45.  In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court=s judgment. 
Additionally, counsel has certified that he has provided appellant a
copy of the Anders brief and motion to withdraw and appropriately
advised appellant of his right to file a pro se response in this
matter.  Stafford v.
State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).  The court has also advised appellant of his
right to file a pro se response. 
Appellant has not filed a response. 

By his Anders
brief, counsel raises grounds that could possibly support an appeal, but
concludes the appeal is frivolous.  We
have reviewed these grounds and made an independent review of the entire record
to determine whether there are any arguable grounds which might support an
appeal.  See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d
300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel=s motion to withdraw is hereby granted and the trial
court=s judgment is affirmed.[3]

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  











[1] See Tex.
Penal Code Ann. § 22.04(a)(3) (Vernon 2005).

 





[2] See Tex.
Penal Code Ann. § 22.041(c) (Vernon 2005)





[3]
Counsel shall, within five days after this opinion is handed down, send his
client a copy of the opinion and judgment, along with notification of appellant=s
right to file a pro se petition for discretionary review.  See Tex.
R. App. P. 48.4.