NO. 07-05-0077-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 18, 2005



______________________________


 

PEDRO J. EREVIA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-439088; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Pedro J. Erevia, appeals from an adjudication of guilt for the offense of
aggravated assault with a deadly weapon and punishment of confinement for ten years. 
We affirm.

 Appellant was charged by indictment with aggravated assault with a deadly weapon. 
Pursuant to a plea agreement with the State, appellant waived trial by jury and entered a
plea of guilty. The trial court accepted the plea of guilty, found that the evidence
substantiated appellant's guilt, followed the plea agreement and, on March 5, 2003,
deferred adjudication of appellant and placed appellant on community supervision for ten
years. Appellant did not appeal from these proceedings.

 On September 1, 2004, the State filed a First Amended Motion to Proceed With
Adjudication of Guilt. At a hearing on the motion, appellant pled not true to the allegations
in the motion. After hearing evidence, the trial court found all of the allegations true except
the allegation in paragraph (a) and adjudicated appellant guilty. Following a separate
punishment hearing, the court sentenced appellant to confinement in the Institutional
Division of the Texas Department of Criminal Justice for eight years.

 Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief
in Support thereof. In support of the motion, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the
record has been diligently reviewed. Counsel has concluded the record reflects no
reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. 
Counsel thus concludes that the appeal is frivolous.

 In reaching the conclusion that the appeal is frivolous, counsel identifies one
possible issue. That issue is that the trial court erred in admitting the in-car police video. 
However, after referencing, analyzing and discussing the trial record, counsel has
discussed why, under the controlling authorities, there is no arguably reversible error in the
trial court proceeding or judgment. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel's brief demonstrates a conscientious review of the entire
record and analysis of the legal issues involved in a potential appeal.

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of his right to review the record and file a response to counsel's motion and brief. 
Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 82-83,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is
frivolous.

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed. 


 Mackey K. Hancock

 Justice



Do not publish. 



formed
a conscientious examination of the record and concluded that an appeal would be frivolous.