Affirmed and Memorandum Opinion filed October 27, 2005









Affirmed and Memorandum Opinion filed October 27,
2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00615-CR

____________

 

RODERICK DICKERSON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 339th District Court

Harris
County, Texas

Trial Court Cause No. 984,416

________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

We withdraw our opinion filed January 27, 2005, substitute
this opinion in its place, and vacate our January 27, 2005, judgment.








Roderick Dickerson pled guilty to the offense of
forgery.  The jury found two enhancement
paragraphs true, sentenced Dickerson to confinement for eleven years in the
Institutional Division of the Texas Department of Criminal Justice, and imposed
a fine of $1,537.06.  After the instant
appeal was perfected, appellate counsel filed a brief in compliance with Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), concluding there was no
arguable error to support an appeal. 
Dickerson did not file a pro se brief. 
We reviewed the record on appeal and affirmed the judgment of the trial
court.

Subsequently, Dickerson filed a pro se motion for rehearing
which this court granted.  We now
consider the issues raised by Dickerson.

Dickerson complains the trial court erred in denying his
motion for continuance.  The motion was
made the day of trial, June 14, 2004, on the basis that Dickerson had not
received a copy of the State=s second indictment, filed April 19, 2004.  Dickerson requested ten days to prepare for
trial.  Defense counsel was aware of the
second indictment and stated to the court that Dickerson had been informed the
punishment range was two to twenty and not state jail.  Counsel further stated the offers that had
been made were always in the range well beyond that for a state jail
felony.  It was defense counsel=s stated opinion that Dickerson knew
the punishment range was for a second degree felony.  Consequently, we find the record does not
establish the trial court erred in denying the motion for continuance.

Dickerson further asserts the instant offense arose out of
the same criminal episode for which he was tried and convicted in Brazoria
County, Texas, and given a four-year sentence. 
Dickerson requested the trial court in this cause to grant him a
four-year sentence and that it run concurrently with the other four-year
sentence.  He now requests this court to
grant the same relief.  However, at
Dickerson=s election the jury assessed punishment.  Dickerson cites no authority, and we are
aware of none, that would support such relief. 
Dickerson does not refer this court to any evidence in the record that
the two cases arise out of the same criminal episode.  We find Dickerson has not demonstrated
reversible error.  See Tex. R. App. P. 44.2.

 








Dickerson claims the enhancement of the offense from a state
jail felony to a second- degree felony was an impermissible Amultiple@ enhancement.  The record reflects that it was shown on the
trial of the offense, a state jail felony, that Dickerson had previously been
convicted of two felonies and the second previous felony conviction was for an
offense that occurred subsequent to the first previous conviction having become
final.  Accordingly, he was punished for
a second-degree felony.  See Tex. Pen. Code Ann. ' 12.42(a)(2) (Vernon Supp.
2005).  We find Dickerson=s argument is without merit.

Lastly, Dickerson argues he received ineffective assistance
of counsel causing him to receive an illegal sentence.  As noted above, the record does not support
Dickerson=s claim the sentence was
unlawful.  Dickerson=s argument is overruled. 

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered
and Memorandum Opinion filed October 27, 2005.

Panel consists of
Justices Fowler, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).