In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-415 CR


____________________



KENDRICK DESHAWN ARCENEAUX, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 94570






MEMORANDUM OPINION



 Pursuant to a plea bargain agreement, appellant Kendrick Deshawn Arceneaux pled
no contest (1) to possession of a controlled substance. The trial court assessed punishment at
two years of confinement in a state jail facility, then suspended imposition of sentence,
placed Arceneaux on community supervision for three years, and assessed a $750 fine. On
February 14, 2007, the State filed a motion to revoke Arceneaux's community supervision. 
Arceneaux pled "true" to two violations of the terms of the community supervision order.
The trial court found that Arceneaux violated the terms of the community supervision order,
revoked Arceneaux's community supervision, and imposed a sentence of one year of
confinement in a state jail facility.

 Arceneaux's appellate counsel filed a brief that presents counsel's professional
evaluation of the record and concludes the appeal is frivolous. See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). On December 13, 2007, we granted an extension of time for appellant to file
a pro se brief. We received no response from the appellant.

 We reviewed the appellate record, and we agree with counsel's conclusion that no
arguable issues support an appeal. Therefore, we find it unnecessary to order appointment
of new counsel to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). We affirm the trial court's judgment. (2)

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice



Submitted on April 8, 2008

Opinion Delivered April 16, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The trial court's judgment of conviction recites that Arceneaux pled guilty. 
However, the record reflects that the trial court permitted Arceneaux to change his plea to
no contest.
2. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.