

**NUMBER 13-07-215-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DAVID BELFORD**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                       **Appellee.**

---

**On appeal from the 319th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Pursuant to a plea agreement, appellant, David Belford, pleaded guilty to theft.[1] The trial court deferred adjudication and placed appellant on community supervision for five years. Less than a year later, at a hearing on the State's motion to revoke, appellant pleaded "true" to each of the State's allegations that he had violated the terms of his

---

[1] *See* TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2007).

community supervision. The trial court revoked appellant's community supervision, adjudicated him guilty, and assessed punishment at two years in a State Jail facility and a fine of $1,500. Appellant's counsel has filed a brief with this Court asserting there is no basis for appeal.[2] We agree and affirm the trial court's judgment.

### *Anders* Brief

Counsel's brief reveals that she has reviewed the clerk's record and reporter's record in this case and has concluded that appellant's appeal presents no issues which warrant appellate review.[3] The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal.[4] In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Appellant's counsel states that she informed appellant of his right to review the appellate record and to file a *pro se* brief.[5] More than thirty days have passed, and no *pro se* brief has been filed.[6]

Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous."[7] We

---

[2] *See Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *See id*.

[4] *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

[5] *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *Sowels v. State*, 45 S.W.3d 690, 693 (Tex. App.–Waco 2001, no pet.).

[6] *See Schulman*, 252 S.W.3d at 409 (citing *Johnson v. State*, 885 S.W.2d 641, 647 n.3 (Tex. App.–Waco 1994, pet. ref'd), *modified by Wilson v. State*, 955 S.W.2d 693 (Tex. App.–Waco 1997, no pet.)).

[7] *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Garza v. State*, 126 S.W.3d 312, 313 (Tex. App.–Corpus Christi 2004, no pet.).

have carefully reviewed the appellate record and counsel's brief.[8]  We agree with appellant's counsel that the appeal is without merit.[9]  Accordingly, we affirm the judgment of the trial court.

### Motion to Withdraw

In accordance with *Anders*, counsel has asked permission to withdraw as counsel for appellant.[10]  An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief.[11]  We grant counsel's motion to withdraw.

We order counsel to advise appellant promptly of the disposition of this case and the availability of discretionary review.[12]

—————

LINDA REYNA YAÑEZ,
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Memorandum opinion delivered and filed
this the 7th day of August, 2008.

———————————————

[8] *See Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

[9] *See Bledsoe*, 178 S.W.3d at 826-27.  We also note that the hearing on the State's motion to revoke was conducted prior to the June 15, 2007 effective date of the amendment to article 42.12, section 5(b) of the Texas Code of Criminal Procedure, allowing an appeal from the determination to adjudicate.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2007).  Therefore, former article 42.12, section 5(b) and its prohibition concerning appeals from the determination to proceed with the adjudication of guilt apply.

[10] *See Anders*, 386 U.S. at 744.

[11] *Schulman*, 252 S.W.3d at 409; *see Stafford*, 813 S.W.2d at 511 (noting that *Anders* brief should be filed with request for withdrawal from case).

[12] *Schulman*, 252 S.W.3d at 408; *see Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

3