In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00055-CR
_____

### DARRELL EDWARD BOWIE, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-12164**

_____

### MEMORANDUM OPINION

Pursuant to a plea agreement, appellant Darrell Edward Bowie, Jr.[1] pled guilty to the offense of theft. The trial court found the evidence sufficient to find Bowie guilty, but deferred finding him guilty and placed him on community supervision for five years. The State subsequently filed a motion to revoke Bowie's unadjudicated community supervision. Bowie pled "true" to four violations of the terms of his community supervision. The trial court found that Bowie violated the terms of the community

---

[1] Darrell Edward Bowie, Jr. is also known as Darrell Edward Bowie.

1

supervision order, found Bowie guilty of theft, revoked Bowie's community supervision, and imposed a sentence of two years of confinement.

Bowie's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On July 12, 2012, we granted an extension of time for appellant to file a *pro se* brief. We received no response from the appellant.

We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, we note that the judgment identifies the statute for the offense as "31.03(e)(4)(A)" of the Penal Code, but this is not the correct statute. The judgment identifies the offense as "[Theft (Copper, Bronze, or Aluminum Wire)]". The body of the indictment alleges Bowie:

> [U]nlawfully appropriate[d] property, by acquiring and exercising control of corporeal personal property, namely: insulated and non-insulated wire and cable that consists of at least 50 percent Copper, owned by [Complainant], . . . of the value of less than Twenty Thousand Dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant.

2

*See* Tex. Penal Code Ann. § 31.03 (e)(4)(F) (West Supp. 2012). Accordingly, we modify

the judgment to reflect the statute for the offense as "31.03 (e)(4)(F)" of the Penal Code.

We affirm the trial court's judgment as modified.[2]

    AFFIRMED AS MODIFIED.


                                    _____
                                        CHARLES KREGER
                                             Justice

Submitted on October 8, 2012
Opinion Delivered October 31, 2012
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

    [2] Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.