**Order entered August 7, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00366-CR

**NUBIA SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 17-10431-86-F**

## ORDER

Pending is appellant's "Motion to Set Aside Conviction" and "Motion for Final Disposition of Motion to Set Aside Judgment," and "Motion to Extend [Time] to File Motion for Rehearing and Motion for Appellate Counsel."

The motions to set aside the conviction and for final disposition of the motion to set aside the judgment are DENIED. On May 7, 2019, we issued a memorandum opinion affirming appellant's conviction. *See Sanchez v. State*, No. 05-18-00366-CR, 2019 WL 2004050 (Tex. App.—Dallas May 7, 2019, no pet. h.) (mem. op., not designated for publication). Having affirmed appellant's conviction based on the only issue that was raised on appeal, we have no basis upon which to act on appellant's request.

The motion to extend the time to file the motion for rehearing and for appellate counsel is

GRANTED, in part. On June 7, 2019, we issued an order granting appellant until August 6, 2019, to file a *pro se* motion for rehearing. We will grant appellant an additional thirty days from the date of this order, or until September 6, 2019, in which to file a *pro se* motion for rehearing. No additional extensions of time will be granted absent a showing of good cause.

However, appellant's request for appellate counsel is DENIED. Our records show that appellant's counsel of record, Taryn Davis, sent appellant a letter on May 9, 2019, informing her that after reviewing our opinion and all of the pleadings filed in the case, counsel was of the professional opinion that this case did not meet the statutory requirements for a petition for review to the Court of Criminal Appeals. The letter went on to advise appellant that she could still file a pro se petition for discretionary review, and the letter specified when that petition had to be filed and other legal requirements. The letter also enclosed a copy of our memorandum opinion. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (setting forth burdens on counsel); *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).


/s/     LANA MYERS
        JUSTICE