**AFFIRMED and Opinion Filed March 27, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00904-CR**

**Ex Parte MICHAEL KRUPPENBACHER**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX22-92138-U**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Reichek

Appellant Michael Kruppenbacher filed an application for writ of habeas corpus seeking to avoid extradition to the state of Arizona. Following a hearing, a magistrate submitted proposed findings and recommended the writ be denied. The findings made by the magistrate were: (1) the Governor's Warrant is regular on its face; (2) appellant is charged with crimes in the state of Arizona; (3) appellant is the person named in the request for extradition; and (4) appellant is a fugitive from justice. The trial court adopted the magistrate's findings and signed an order denying appellant's application for writ of habeas corpus. Appellant brought this appeal challenging the trial court's order.

Appellant's attorney filed a motion to withdraw and a brief in which she concludes this appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). It presents a professional evaluation of the record showing why there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811(Tex. Crim. App. [Panel Op.] 1978).

Appellant was informed of his counsel's motion to withdraw and provided with her brief stating the appeal was frivolous. Appellant was also provided with a copy of the record and informed of his right to file a pro se response. Appellant filed a response on February 6, 2023 stating he was severely ill and would need medically appropriate transportation to Arizona.

A governor's grant of extradition is prima facie evidence that constitutional and statutory requirements have been met. *Michigan v. Doran*, 439 U.S. 282, 289 (1978). Our review of a denial of habeas corpus relief in an extradition proceeding is limited to the following issues: (1) whether the extradition documents are in order on their face; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. *Id*. Appellant's brief does not address any issue upon which reversal of the order might be granted.

After an independent examination of the record to determine whether there is any arguable ground that may be raised, we agree this appeal is frivolous and without merit. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We grant

counsel's motion to withdraw and affirm the trial court's order denying appellant's

application for writ of habeas corpus.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

220904F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

EX PARTE MICHAEL
KRUPPENBACHER

No. 05-22-00904-CR

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. WX22-92138-
U.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Kennedy participating.

Based on the Court's opinion of this date, the order of the trial court is
**AFFIRMED**.

Judgment entered March 27, 2023