NO. 07-06-0013-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 24, 2006

______________________________

IN THE MATTER OF THE MARRIAGE OF 

WESLEY SHERMAN WOOD AND BRENDA SUE WOOD

AND IN THE INTEREST OF WHITNEY SHAWN WOOD, A CHILD, 

_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 56,998-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.
(footnote: 1)
MEMORANDUM OPINION

Pending before this Court is appellant Brenda Sue Wood’s motion to dismiss this appeal.  
See
 Tex. R. App. P. 42.1(a)(1).  Per the certificate of conference, appellee Wesley Sherman Wood does not oppose the motion.  We grant the motion, and per the motion, costs are to be assessed against the party incurring them.  Having dismissed the appeal at Brenda Sue Wood’s request, no motion for rehearing will be entertained and our mandate will issue forthwith.

Don H. Reavis

    Justice

nt of Criminal Justice, Institutional Division, for 15 years.

Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof.  In support of the motion to withdraw, counsel has certified that, in compliance with 
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated.  Counsel thus concludes that the appeal is frivolous. 

In reaching the conclusion that the appeal is without merit, counsel advances three possible issues: (1) whether the trial court erred in overruling appellant’s challenges for cause of members of the jury venire, (2) whether the trial court erred in overruling appellant’s challenge to the State’s use of two of its peremptory challenges to strike African-American members of the venire, and (3) whether a fatal variance existed between enhancement allegations of the indictment and trial proof when the indictment did not allege a final date for conviction of the enhancement offenses.  After referencing, analyzing and discussing the record of the jury venire 
voir dire
 proceedings, the 
Batson
(footnote: 1)  hearing concerning the State’s reasons for its peremptory challenges to two African-American veniremembers and the trial record, counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court’s judgment.  
See
 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

Counsel has certified that a copy of the 
Anders
 brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant’s right to review the record and file a response to counsel’s motion and brief.  Indeed, appellant has filed a response to counsel’s motion and brief.  In his response, appellant urges the issues identified by his counsel in the 
Anders
 brief, but simply advances the position that the trial court erred in its rulings.  

The State has filed a brief in response to the brief of appellant’s counsel and appellant’s 
pro se
 response to his counsel’s brief.  The State concludes that the appeal presents no reversible error.    

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal.  
See
 
Penson v. Ohio
, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds.  We agree that the appeal is without merit. 

During our review, however, we noted that the trial court’s judgment correctly recites the jury verdict finding appellant guilty of possessing, with intent to deliver, cocaine by aggregate weight, including adulterants or dilutants, of “less than four (4) grams but at least one (1) gram.”  The judgment, however, then incorrectly finds appellant guilty of the offense of “Possession with Intent to Deliver a Controlled Substance - Cocaine less than two [sic] (200) grams but at least four (4) grams . . . .”  

Accordingly, counsel’s Motion to Withdraw is granted.  The judgment of the trial court is modified as follows: language of the judgment finding or referencing that appellant is guilty of possession with intent to deliver a controlled substance - Cocaine less than “. . . two (200) grams but at least four (4) grams . . .” is modified to read that appellant is guilty of possession with intent to deliver a controlled substance - Cocaine less than “. . . four (4) grams but at least one (1) gram . . . .”  
See
 
Tex. R. App. P
. 43.2(b).  Except as specifically modified, the judgment of the trial court is affirmed.

Phil Johnson

    Justice

Do not publish.

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1: