In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-096 CR


____________________



DARCY JO WOODS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 93742






MEMORANDUM OPINION


 Pursuant to a plea bargain, appellant Darcy Jo Woods pled guilty to delivery of a
controlled substance. The trial court assessed punishment at two years of confinement in a
state jail facility, then suspended imposition of sentence, placed Woods on community
supervision for four years, and assessed a $500.00 fine. The State filed a motion to revoke
community supervision. Woods pled "true" to several allegations that she violated the terms
of the community supervision order. The trial court found that Woods violated the terms of
the supervision order, revoked Woods's community supervision, and imposed a sentence of
two years of confinement in a state jail facility.

 Woods's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On September 28, 2006, we granted an extension of time for Woods to file a pro se
brief. We received no response from the appellant.

 We reviewed the appellate record, and we agree with counsel's conclusion that no
arguable issues support an appeal. Therefore, we find it unnecessary to order appointment
of new counsel to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). The judgment is affirmed. (1)

 AFFIRMED. 


 _____________________________ CHARLES KREGER

 Justice

 

Submitted on January 3, 2007

Opinion Delivered January 17, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.