In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00193-CR


______________________________




EDGAR LEE KIDD, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fifth Judicial District Court


Cass County, Texas


Trial Court No. 2006F00029




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 On January 6, 2006, Officer John Garrett received a call reporting the sexual assault of
thirteen-year-old A.H. On arrival, Garrett found that a crowd had gathered and was threatening
Edgar Lee Kidd, Jr. Garrett arrested Kidd and took him to the Cass County jail; the victim, A.H.,
was taken to Atlanta Memorial Hospital, where he was examined by a sexual assault nurse examiner
(S.A.N.E.). 

 Garrett provided Kidd his Miranda (1) warnings, and Kidd initially denied any misconduct. 
Kidd then provided a statement in which he indicated that A.H. came into the room with Kidd, got
into bed with him, pulled down Kidd's shorts, and began engaging in oral sex. Kidd went on to say
that he then performed oral sex on A.H. and unsuccessfully attempted to engage in anal sex with
him, with the encounter continuing for approximately thirty minutes. Kidd stated that he did
masturbate and ejaculate, getting semen on A.H.'s nose, but he did not believe A.H. ejaculated. A
hearing was held on Kidd's motion to suppress this statement. At that hearing, Kidd testified he was
under the influence of cocaine, was tired and had had no sleep, and was angry because charges had
been filed against him. He further testified that he was not beaten, threatened, or promised anything
in return for his statement and that he remembered his rights being read to him. The trial court found
the statement voluntary, and it was part of the evidence at trial.

 At trial, A.H. testified that he was in the ninth grade and that this event occurred January 6,
2006, in Cass County. He testified he had gotten off the school bus and gone to Kidd's house, where
A.H. watched a television show with his aunt. At some point in the evening, Kidd requested that
A.H. come to Kidd's room to help him move a bed. A.H. testified Kidd came up behind him, pushed
him on the bed, pulled down his shorts, then pulled down his own shorts, and "put his private part
inside my back part." 

 Garrett is an investigator for the Cass County sheriff's office and has specialized in sexual
assault investigations for a little over four years, receiving specialized training annually. He testified
there were no DNA matches on the sheets or the other eleven items he sent to the crime laboratory
for analysis. He did testify there was semen found in A.H.'s nose, but not enough DNA was present
to match it with any specific individual.

 Karel Wardlow, the S.A.N.E., testified that she examined A.H. in January 2006 and that A.H.
told her he had been orally and anally assaulted. Wardlow examined A.H. using a rape kit. She also
drew blood, swabbed his mouth, pulled hair, pubic hair, and swabbed areas where there might have
been penetration. A colposcope examination was performed and photographs were taken. Two
abrasions can be seen, as well as injuries to A.H.'s anus, in the pictures. Wardlow testified that,
based on her education, training, and experience, she felt the victim was sexually assaulted. 

 Kidd now appeals from his jury conviction of aggravated sexual assault of a child. See Tex.
Penal Code Ann. § 22.021 (Vernon Supp. 2006). A finding of true was also made to the
enhancement paragraph of the indictment. The trial court sentenced Kidd to life imprisonment. 
Kidd was represented by appointed counsel at trial and by different appointed counsel on appeal. 
Kidd's appellate attorney has filed a brief in which she concludes that, after a review of the record
and the related law, the appeal is frivolous and without merit. 

 Appellate counsel summarizes the trial in her brief and states that she has studied the record
and finds no error preserved for appeal that could be successfully argued. The brief contains a
professional evaluation of the record and advances two arguable grounds for review involving the
suppression of Kidd's statement and the sufficiency of the evidence. This meets the requirements
of Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Kidd on March 28, 2007, informing Kidd of his right
to examine the entire appellate record and to file a pro se response. Counsel simultaneously filed
a motion with this Court seeking to withdraw as counsel in this appeal. This Court notified Kidd
that any pro se response was due on or before April 30, 2007. Kidd has neither filed a response, nor
has he requested an extension of time in which to file such a response. 

 We have reviewed the possible issues raised by counsel in her appellate brief, and we agree
with her assessment that no reversible error exists. Our independent review of the record has not
revealed any error. (2)

 We affirm the judgment of the trial court. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 29, 2007

Date Decided: May 30, 2007


Do Not Publish

1. Miranda v. Arizona, 384 U.S. 436 (1966).
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Kidd in this case. No substitute
counsel will be appointed. Should Kidd wish to seek further review of this case by the Texas Court
of Criminal Appeals, Kidd must either retain an attorney to file a petition for discretionary review
or he must file a pro se petition for discretionary review. Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4. 


 Grid 3 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00191-CR

                                                ______________________________

 

 

                                ZACHERY DALE LUCKETT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                          Red
River County, Texas

                                                          Trial Court
No. CR00735

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Zackery Dale
Luckett appeals from his revocation of community supervision and adjudication
of guilt for two aggravated sexual assault offenses against a child.  Luckett has filed a single brief, in which he
raises an issue common to all of his appeals. 
He argues that the evidence was insufficient for the trial court to find
he committed forgery in violation of a condition of his community supervision.

            We addressed
this issue in detail in our opinion of this date on Luckett's appeal in cause
number 06-09-00190-CR.  For the reasons
stated therein, we likewise conclude that error has not been shown in this
case.

            We affirm the
trial courts judgment.

 

                                                          

 

                                                                                    Jack
Carter                                                                                                                                          Justice

 

Date Submitted:          March
11, 2010

Date Decided:             March
12, 2010

 

Do Not Publish