In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00404-CR


____________________



JEFFERY GLENN KING, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. 97524






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Jeffery Glenn King pled guilty to
unlawfully carrying a weapon on licensed premises. On May 21, 2007, the trial court found
the evidence sufficient to find King guilty, but deferred further proceedings and placed King
on community supervision for six years. On February 1, 2008, the State filed a motion to
revoke King's unadjudicated community supervision. King pled "not true" to the alleged
violations of the conditions of his community supervision. After conducting an evidentiary
hearing, the trial court found that King violated two of the conditions of his community
supervision, found King guilty of unlawfully carrying a weapon on licensed premises, and
assessed punishment at seven years of confinement. 

 King's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On January 8, 2009, we granted an extension of time for appellant to file a pro se
brief. We received no response from appellant. We reviewed the appellate record, and we
agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we
find it unnecessary to order appointment of new counsel to re-brief the appeal. Compare
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We note that in the section
of the judgment entitled "Plea to Motion to Adjudicate[,]" the judgment incorrectly recites
that King pled "TRUE[.]" This Court has the authority to reform the trial court's judgments
to correct clerical errors. See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27
(Tex. Crim. App. 1993). We delete this language and substitute "NOT TRUE" in its place. 
In addition, we note that in the section of the judgment entitled "Statute for Offense[,]" the
judgment recites "46.02(a) (f) Penal Code[.]" The version of section 46.02 that was in effect
when King committed the offense does not contain a subsection (f). See Act of June 1, 2007,
75th Leg., R.S., ch. 1261, § 24, 1997 Tex. Gen. Laws 4766, 4776-77 (amended 2007)
(current version at Tex. Pen. Code Ann. § 46.02 (a), (c) (Vernon Supp. 2008). We delete
"(f)" from this language and insert "(c)" in its place. We affirm the trial court's judgment
as reformed. (1)

 AFFIRMED AS REFORMED.


 _________________________________

 CHARLES KREGER

 Justice



Submitted on April 17, 2009

Opinion Delivered April 29, 2009

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.


1. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.