In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00059-CR


____________________



FELICIA PATRICE BROWN a/k/a ERICA GRANGER a/k/a


PHILICIA PATRICE GRANT a/k/a PHILICIA GRANT, Appellant



V.


 

THE STATE OF TEXAS, Appellee


 




On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 07-00273 






MEMORANDUM OPINION



 Appellant Felicia Patrice Brown a/k/a Erica Granger a/k/a Philicia Patrice Grant a/k/a
Philicia Grant pled guilty without a plea bargain agreement to felony theft. (1) The trial court
assessed punishment at two years of confinement in a state jail facility.

 Brown's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On March 19, 2009, we granted an extension of time for appellant to file a pro se
brief. We received no response from appellant.

 We reviewed the appellate record, and we agree with counsel's conclusion that no
arguable issues support an appeal. Therefore, we find it unnecessary to order appointment
of new counsel to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). We note that in the section of the trial court's judgment entitled "Terms
of Plea Bargain[,]" the judgment incorrectly recites the terms of the plea bargain agreement
that the trial court rejected. This Court has the authority to reform the trial court's judgment
to correct a clerical error. See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27
(Tex. Crim. App. 1993). Therefore, we delete the language contained in the aforementioned
section of the trial court's judgment and substitute "N/A" in its place. We affirm the trial
court's judgment as reformed. (2)

 AFFIRMED AS REFORMED.

 

 STEVE McKEITHEN

 Chief Justice

Submitted on August 11, 2009

Opinion Delivered August 26, 2009

Do Not Publish 

Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The State and Brown entered into a plea bargain agreement, but the trial court
rejected the plea bargain agreement at the sentencing hearing. The trial court entered a
certification stating that this is not a plea bargain case, and Brown has the right to appeal.
2. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.