In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00235-CR


NO. 09-09-00236-CR


____________________



JEFFERY HUFF a/k/a JEFFREY HUFF a/k/a JEFFERY RAY HUFF, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 98302 and 98303






 MEMORANDUM OPINION


 Pursuant to plea bargain agreements, appellant Jeffery Huff a/k/a Jeffrey Huff a/k/a
Jeffery Ray Huff pled guilty to possession of marijuana and possession of a controlled
substance, namely methamphetamine. In each case, the trial court found the evidence
sufficient to find Huff guilty, but deferred further proceedings, placed Huff on community
supervision for ten years, and assessed a fine of $500. The State subsequently filed a motion
to revoke Huff's unadjudicated community supervision in both cases. Huff pled "true" in
both cases to four violations of the conditions of his community supervision. In each case,
the trial court found that Huff violated the conditions of his community supervision and
found him guilty. In the possession of marijuana case, the trial court assessed punishment
at twenty years of confinement. After finding Huff to be a repeat felony offender, the trial
court also assessed punishment at twenty years of confinement in the possession of a
controlled substance case. The trial court ordered that the sentences were to run
concurrently.

 Huff's appellate counsel filed a brief that presents counsel's professional evaluation
of the records and concludes the appeals are frivolous. See Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On September 17, 2009, we granted an extension of time for appellant to file a pro
se brief. We received no response from the appellant. We reviewed the appellate records,
and we agree with counsel's conclusion that no arguable issues support the appeals. 
Therefore, we find it unnecessary to order appointment of new counsel to re-brief the
appeals. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We note
that the trial court's judgment in the possession of a controlled substance case incorrectly
recites that Huff's offense is a first degree felony. This Court has the authority to reform the
trial court's judgment to correct a clerical error. Bigley v. State, 865 S.W.2d 26, 27 (Tex.
Crim. App. 1993). Therefore, we delete "1st degree felony" from the section of the judgment
entitled "Degree" and substitute "3rd degree felony, repeat felony offender" in its place. In
addition, we note that the trial court's judgment incorrectly recites that the statute for the
offense is section 481.121 of the Texas Controlled Substance Act. We delete this language
from the section entitled "Statute for Offense" and substitute "Sec. 481.116 T.C.S.A." in its
place. See Tex. Health & Safety Code Ann. § 481.116 (Vernon Supp. 2009). 
Furthermore, in the possession of marijuana case, we note that the trial court's judgment
incorrectly recites that the statute for the offense is section 481.116 of the Texas Controlled
Substance Act. We delete this language from the section entitled "Statute for Offense" and
substitute "481.121 T.C.S.A." in its place. See Tex. Health & Safety Code Ann. §
481.121 (Vernon Supp. 2009). We affirm the trial court's judgments as reformed. (1)

 AFFIRMED AS REFORMED.


 _________________________________

 HOLLIS HORTON 

 Justice 


Submitted on February 9, 2010

Opinion Delivered February 17, 2010 

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.

1. Appellant may challenge our decision in this case by filing a petition for discretionary
review. See Tex. R. App. P. 68.