# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00811-CR
NO. 03-11-00812-CR
NO. 03-11-00813-CR

**Richard Earl Dennis, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NOS. A-10-0607-SA, A-10-0608-SA & A-10-0609-SA
HONORABLE BEN WOODWARD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

These are appeals pursuant to *Anders v. California*, 386 U.S. 738 (1967). In trial court cause number A-10-0607-SA (appellate cause number 03-11-00811-CR), the jury found appellant Richard Earl Dennis, Jr., guilty of deadly conduct. *See* Tex. Penal Code Ann. § 22.05 (West 2011). In trial court cause number A-10-0608-SA (appellate cause number 03-11-00812-CR), the jury found Dennis guilty of attempted capital murder of a peace officer. *See id*. § 19.03(a)(1) (West Supp. 2012). In trial court cause number A-10-0609-SA (appellate cause number 03-11-00813-CR), Dennis pleaded guilty to the offense of evading arrest with a motor vehicle. *See id*. § 38.04 (West Supp. 2012). The jury assessed punishment at two-years' imprisonment for the offense of evading arrest, fifteen-years' imprisonment for the offense of deadly conduct, and life in prison for the offense of attempted capital murder. These appeals followed.

The jury heard evidence that on May 24, 2010, San Angelo police officer Robert Roger attempted to pull over, for an expired registration, a car filled with three passengers and driven by Dennis. Rather than stopping, Dennis attempted to evade Officer Roger, accelerating to speeds in excess of one hundred miles per hour. The chase lasted for several minutes proceeding along streets, highways, yards, and through a school zone. These facts were not only recounted for the jury through Roger's trial testimony, but also reflected in his police cruiser's in-car video of the chase. Eventually, Dennis lost control of the car in a residential yard. Officer Roger rammed Dennis's car with his police cruiser, ending the automobile chase, and stepped out of his vehicle. At the same time, Dennis jumped out of his car, leveled his handgun at Officer Roger, fired a single shot into the officer's chest from between twelve and twenty feet away, and then fled on foot. Fortunately, Officer Roger was wearing a bulletproof vest and survived. The jury also viewed the in-car video from the cruiser of another police officer, Louis Kolb, who arrived at the scene moments after the shooting occurred.

Following the shooting, law enforcement mobilized all available forces to locate Dennis. Later that evening, the San Angelo Police SWAT team surrounded a residential home in which Dennis was suspected to be hiding. SWAT officer David Olsen knocked down the front door with a battering ram, but found the entrance had been barricaded within. Shortly thereafter, a shot was fired from within the home, while the SWAT team was still located near the entrance. The SWAT team then fired a round of tear gas into the home in an effort to get Dennis to surrender. According to various witnesses, Dennis made a statement to the effect that the police should "come in and get him." Instead, the SWAT team opted to fire another round of tear gas into the home. Shortly thereafter, Dennis exited the home, dropped his handgun, and was placed under arrest.

2

Subsequent investigation revealed that a bullet embedded in Officer Roger's bulletproof vest had been fired from the gun in Dennis's possession at the time of his arrest, and that the bullet matched cartridges still remaining in the gun. In addition, police located a bullet in the ceiling of the home that also matched the bullet fired at Officer Roger. An expert testified as to the trajectory of the bullet fired in the home and Dennis's likely location when he fired towards the doorway.

The defense offered only one witness during the guilt/innocence phase of the trial, one of Dennis's passengers, Kelsi Hauk. Hauk testified that the night before the chase, she, Dennis, and another passenger, Cazz Carr, had smoked "meth" together, and that they all had been awake for several days straight.

After the jury found Dennis guilty of evading arrest (to which he had pleaded guilty), deadly conduct, and attempted capital murder, the jury proceeded to consider punishment. Dennis pleaded true to an enhancement paragraph alleging a prior conviction concerning possession with intent to deliver methamphetamine. The State called several witnesses during sentencing who testified to their knowledge of Dennis's prior criminal offenses and Dennis's association with a criminal street gang. Also admitted into evidence was photographic evidence of Dennis's association with the criminal street gang. The defense also offered several witnesses during sentencing. These witnesses professed a belief that Dennis could be rehabilitated and vouched for what they believed was Dennis's good character.

After final arguments and deliberation, the jury assessed punishment as noted above and the district court sentenced Dennis accordingly. This appeal followed.

3

In each cause, Dennis's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972). Dennis was mailed copies of counsel's briefs and advised of his right to examine the appellate record and to file a pro se brief. In response, Dennis requested, and was granted, a ninety-day extension of time to file his pro se brief. The deadline has passed, and Dennis has failed to file a brief or otherwise contact the Court to request additional time.

We have reviewed the records and counsel's briefs and agree that the appeals are frivolous and without merit. We find nothing in the records that might arguably support the appeals. In each cause, counsel's motion to withdraw is granted.

The judgments of conviction are affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed:   December 21, 2012

Do Not Publish

4