In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00514-CR**
_____

**MARCUS JARMAIN BOLDEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 05-95100**

**MEMORANDUM OPINION**

In this appeal, counsel for Marcus Jarmain Bolden, the appellant, filed a brief stating that there are no arguable points of error that would allow Bolden to obtain relief from his conviction. After reviewing the record, we agree that no arguable issues support Bolden's appeal. *See Anders v. California*, 386 U.S. 738 (1967).

In carrying out a plea agreement, Bolden pled guilty to an indictment issued in 2005 alleging that in 2004, Bolden had improperly labeled recordings, a felony.

*See* Tex. Bus. & Com. Code Ann. § 35.94.[1] Under the terms of Bolden's plea agreement, the trial court deferred pronouncing Bolden guilty; instead, the trial court placed Bolden on community supervision for five years. Subsequently, by motion, the State asked the trial court to revoke its community supervision order and find Bolden guilty of the crime of improper labeling of recordings. After a hearing, the trial court found that Bolden violated four of the terms in the trial court's deferred adjudication order, revoked Bolden's unadjudicated probation, found Bolden guilty of having improperly labeled the recordings, and assessed a sentence of two years in prison.

On appeal, Bolden's counsel filed a brief presenting counsel's professional evaluation of the record. The brief contains counsel's conclusion that Bolden's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Bolden to file a *pro se* brief, but he did not do so.

After reviewing the appellate record and the trial court's judgment, we agree with counsel's conclusion that no arguable issues support Bolden's appeal. Therefore, we need not order the appointment of new counsel to re-brief Bolden's

---

[1]Section 35.94 of the Texas Business and Commerce Code was repealed in 2009. *See* Act of May 22, 1989, 71st Leg., R.S., ch. 339, § 1, sec. 35.94, 1989 Tex. Gen. Laws 1305, 1307, *repealed by* Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 2.47(a)(1), 2007 Tex. Gen. Laws 1905, 2082.

appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Because no arguable issues support Bolden's appeal, we affirm the trial court's judgment.[2]

      AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 15, 2014
Opinion Delivered May 14, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[2]Bolden may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.