In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00466-CR
_____

ANDRE ALEXANDRE SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-16032**

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, Andre Alexandre Smith pleaded guilty to burglary of a habitation. The trial court found the evidence sufficient to substantiate Smith's guilt, deferred further proceedings, and placed Smith on community supervision for five years. The State later filed a motion to revoke Smith's community supervision, alleging two violations of the conditions of his community supervision. Smith pleaded "true" to Count II and, after hearing evidence, the trial court found the evidence to be sufficient to find Count I to be

1

true. The trial court found that Smith violated the conditions of his community supervision, adjudicated Smith's guilt for burglary of a habitation, revoked Smith's community supervision, and sentenced Smith to nineteen years in prison.

Smith's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes Smith's appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Smith to file a *pro se* brief, but we received no response from Smith. We have determined that Smith's appeal is wholly frivolous. We have independently examined the clerk's record and the reporter's record, and we agree that no arguable issues support the appeal. We find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 30, 2014
Opinion Delivered June 25, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[1]Smith may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.