# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00603-CR

**Felix Longoria, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT NO. B-09-0571-SA, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1] In 2010, appellant Felix Longoria pleaded guilty to the offense of aggravated assault with a deadly weapon, which was enhanced to a first-degree felony based on his prior criminal history.[2] Pursuant to a plea agreement, Longoria was placed on deferred-adjudication community supervision for three years. Subsequently, the State filed a motion to revoke, alleging that Longoria had violated multiple terms and conditions of his community supervision. At the hearing on the motion to revoke, Longoria pleaded true to seven of the thirteen allegations against him and not true to the remaining six allegations. At the conclusion of the hearing, the district court found all thirteen allegations to be true, adjudicated Longoria guilty

---

[1] 386 U.S. 738 (1967).

[2] *See* Tex. Penal Code § 22.02(a)(2).

of aggravated assault with a deadly weapon, and sentenced him to eleven years' imprisonment. This appeal followed.

The evidence presented at the hearing tended to show that on or about May 16, 2009, Longoria had physically assaulted his wife, Joni Longoria, by strangling her, cutting her stomach with a pair of scissors, and cutting her back, neck, and head with a disposable razor. The police officer who had investigated the assault testified that Joni had provided him with details regarding the incident and that he had observed lacerations on her stomach, neck, back, and head, which he photographed. The photographs were admitted into evidence at the hearing. Longoria testified in his defense and denied that he had assaulted his wife. He acknowledged that he had earlier pleaded guilty to the offense but maintained that he was in fact innocent. Additional evidence tended to show that Longoria had repeatedly violated the terms of his community supervision by, among other things, using heroin, failing to pay necessary fines, failing to complete court-ordered community service, and failing to report to a Substance Abuse Felony Punishment Facility (SAFPF) for treatment. In his testimony, Longoria admitted to committing some but not all of the violations.

Longoria's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] Longoria was mailed a copy of counsel's brief and

---

[3] *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

advised of his right to examine the appellate record and to file a pro se response. No pro se response has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment adjudicating guilt is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 13, 2014

Do Not Publish