In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00528-CR**
_____

**BRITTANY L. FRANKLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-15169**

**MEMORANDUM OPINION**

In this appeal, the brief filed by Brittany L. Franklin's court-appointed appellate counsel contends that no arguable grounds can be advanced in Franklin's appeal. The judgment being appealed reflects that Franklin was convicted of felony theft. Based on our review of the record, we agree with Franklin's counsel that no arguable issues exist that would support reversing the judgment being appealed. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Franklin pled guilty to felony theft, which was a Class A misdemeanor enhanced by two prior thefts. *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(D)

1

(West Supp. 2014) (penalizing a defendant convicted of two or more prior thefts who steals property valued at less than $1,500 as a state jail felony). At the hearing on Franklin's plea, the trial court deferred the decision to adjudicate Franklin's guilt, and then placed her on community supervision for a period of three years. Several months later, the State filed a motion asking the trial court to revoke its decision placing Franklin on community supervision. During the hearing on the State's motion, Franklin pled "[t]rue" to violating the trial court's order by committing three new offenses, and the trial court found in the State's favor on its allegations that Franklin had committed three new offenses. At the conclusion of the revocation hearing, the trial court granted the State's motion to revoke, adjudicated Franklin's guilt, and gave Franklin a sentence of two years imprisonment, to be served in a state jail.

On appeal, Franklin's counsel filed a brief presenting counsel's professional evaluation of the record; in the brief, Franklin's counsel concludes that Franklin's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Franklin to file a *pro se* brief. Franklin filed a response and a motion.[1]

---

[1]Claiming she is eligible to have her sentence suspended under section 6(a) of article 42.12 of the Texas Code of Criminal Procedure, Franklin filed a motion with the court of appeals asking that we reduce her sentence by four months. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 6(a) (West Supp. 2014) (providing for

After reviewing the appellate record, the *Anders* brief filed by Franklin's counsel, and Franklin's *pro se* response, we agree with counsel's conclusion that any appeal would be frivolous. Consequently, we need not order the appointment of new counsel to re-brief Franklin's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.



HOLLIS HORTON
Justice

Submitted on December 8, 2014
Opinion Delivered January 14, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

shock probation in cases other than state jail felonies).We do not have jurisdiction to grant Franklin's request, as section 6 of article 42.12 provides that the trial court has jurisdiction over the motion that she filed requesting that her sentence be suspended. *Id*. Moreover, section 6 of article 42.12 does not apply in cases where the defendant was convicted of a state jail felony. *Id*.

[2]Franklin may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.