In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00067-CR
NO. 09-20-00068-CR
NO. 09-20-00069-CR
NO. 09-20-00070-CR
NO. 09-20-00071-CR
NO. 09-20-00072-CR
NO. 09-20-00073-CR

_____

**WANDA YVETTE ROBERTSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause Nos. 14-18971, 15-22562, 15-22563,
15-22817, 15-22818, 16-24103, 16-24377**

**MEMORANDUM OPINION**

Wanda Yvette Robertson appeals the trial court's revocation of her community supervision in seven separate cause numbers.[1] Robertson pled true to

---

[1] The State filed a motion to revoke in each of the following cause numbers: In cause number 14-18971, Robertson was charged with possession of a controlled substance, a second-degree felony. *See* Tex. Health & Safety Code Ann. § 481.129(d)(1). In cause number 15-22562, Robertson was charged with felony theft,

1

allegation number 1 in the State's motion to revoke in cause numbers 15-22562, 15-22563, 15-22817 without an agreement with the State. Separately in the same hearing, Robertson pled true to allegation number 1 in the State's motion to revoke in cause numbers 15-22818, 16-24103, 16-24377, and 14-18971 without an agreement with the State. The trial court found sufficient evidence supported the motions and revoked Robertson's community supervision in each cause number and sentenced Robertson to confinement in the state jail for two years on each of the state felony charges and to five years on the second-degree felony charge and ordered all the sentences to run concurrently. The trial court certified that this was not a plea-bargain case and Robertson had the right of appeal. Robertson timely filed a notice of appeal.

The attorney appointed to represent Robertson in her appeal filed an *Anders* brief which asserted that the attorney diligently reviewed the record and found no meritorious claims on which to appeal Robertson's sentence and that any appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45 (1967); *High v. State*, 573 S.W.2d 807, 810–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel served Robertson

---

a state jail felony. *See* Tex. Penal Code Ann. § 31.03(e)(4)(A). In cause number 15-22563, Robertson was charged with felony theft, a state jail felony. *See id.* In cause number 15-22817, Robertson was charged with felony theft, a state jail felony. *See id.* In cause number 15-22818, Robertson was charged with felony theft, a state jail felony. *See id.* In cause number 16-24103, Robertson was charged with felony theft, a state jail felony. *See id.* In cause number 16-24377, Robertson was charged with felony theft, a state jail felony. *See id.* at 31.03(f).

with a copy of the *Anders* brief filed on her behalf. This Court notified Robertson of her right to file a *pro se* response, as well as the deadline for doing so. This Court did not receive a *pro se* response.

We have independently reviewed the record, and we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (stating that the reviewing court must determine whether arguable grounds for review exist). The Court concludes it is unnecessary for us to order appointment of new counsel to re-brief this appeal. *Cf. id.* As no arguable grounds exist to support the appeal, we affirm the trial court's judgment.[2]

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 19, 2021
Opinion Delivered March 17, 2021
Do Not Publish

Before Golemon C.J., Kreger and Johnson, JJ.

_____

[2] Robertson may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.