**Abatement order filed February 24, 2022.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-21-00419-CR

———————

**DARIUS ALLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1551047**

## ABATEMENT ORDER

Appellant appeals his conviction for assault of a family member. Appellant's appointed counsel filed a brief in which counsel concludes the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We disagree with appellate counsel's conclusion that there are no arguable issues for appeal. *See Anders*, 386

U.S. at 744.[1] Accordingly, the case is abated and remanded to the trial court with instructions for the trial court to appoint new counsel for appellant. The trial court clerk is ordered to prepare, certify, and file with the clerk of this court a supplemental clerk's record containing that appointment within thirty (30) days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed.


PER CURIAM


Panel Consists of Justices Wise, Spain, and Hassan.

---

[1] Specifically, the *Anders* brief does not adequately address whether trial counsel was ineffective by failing to argue that being 25 minutes late for a scheduled virtual appointment with his community supervision officer during the height of the COVID-19 pandemic was not a failure to report that could justify revocation of community supervision. Our decision should not be viewed as a determination of the merits of any issues raised in the brief or a limitation on any issue that may be raised in this appeal. Appellant's new appellate counsel should personally review the record to determine what issues should be raised in this appeal.