**Abatement Order filed March 10, 2022**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-20-00243-CR

———————

**EMEKWANEM IBE BIOSAH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 18-CR-1912**

## ABATEMENT ORDER

Appellant appeals his conviction for fraudulent use/possession of identifying information of five to ten items, namely credit cards. Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We disagree with appellate counsel's

conclusion that there are no arguable issues for appeal.[1] *See Anders*, 386 U.S. at 744. Accordingly, the case is abated and remanded to the trial court with instructions to appoint other counsel and have a supplemental clerk's record containing that appointment filed with the clerk of this court within thirty (30) days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's supplemental clerk's record is filed with this court.

PER CURIAM

Panel consists of Justices Wise, Poissant and Wilson.

---

[1] Specifically, the trial court's certification states appellant has the right of appeal "as to punishment only" and the judgment recites the sentence was the term of a plea bargain. However, the record reflects appellant pled guilty without a plea bargain and does not reflect any consideration in exchange for appellant's waiver of his right of appeal. Our decision should not be viewed as a determination of the merits of any issues raised in the brief or a limitation on any issue that may be raised in this appeal. Appellant's new appellate counsel should personally review the record to determine what issues should be raised in this appeal.