**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00055-CR**
**NO. 09-21-00056-CR**

_____

**RANDY WEBBER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 85th District Court
Brazos County, Texas
Trial Cause Nos. 11-05154-CRF-85 and 11-05153-CRF-85

**MEMORANDUM OPINION**

Pursuant to plea bargain agreements, Appellant Randy Webber pleaded guilty to two counts of possession of marijuana in an amount between four ounces and five pounds, a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(3). In each case, the trial court placed Webber on community supervision for five years, ordered payment of court costs, and ordered Webber to pay restitution of $140. In

1

cause number 11-05153-CRF-85, the trial court also ordered Webber to pay a $1,000 fine.

Subsequently, the State moved to proceed with an adjudication of guilt in both causes during the community supervision term based on multiple violations. Webber also stipulated that a warrant on the motion to proceed was issued during the deferred adjudication period. Webber pleaded "true" to violating multiple terms of the community supervision orders. After an evidentiary hearing, the trial court found that Webber violated the terms of his community supervision, adjudicated Webber guilty of the two counts of possession of a controlled substance and imposed a sentence of eighteen months of confinement in each case to run concurrently.

Webber's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous.[1] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On August 18, 2021, we notified Webber that he could file a *pro se* brief on or before October 18, 2021. We have received no response from Webber.

We reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support the appeal. Therefore, we find it unnecessary to order

---

[1] Webber filed his appeal with the Tenth Court of Appeals. The Texas Supreme Court, however, transferred the appeal to the Ninth Court of Appeals pursuant to a docket-equalization order. *See* Tex. Gov't Code Ann. § 73.001.

appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.

AFFIRMED.

 

 

_____

CHARLES KREGER
Justice

Submitted on February 23, 2022
Opinion Delivered April 6, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.