**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00208-CR**
_____

**SHEILA VIRGINIA MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Liberty County, Texas**
**Trial Cause No. 23CC-CR-01051-CR**

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, Appellant Sheila Virginia Martinez pleaded guilty to assault causing bodily injury to a family member and was placed on deferred adjudication community supervision. *See* Tex. Penal Code Ann. § 22.01(a)(1). The trial court found that Martinez violated multiple conditions of her community supervision and revoked her probation. The trial court then adjudicated her guilty and sentenced her to one year in jail plus a $200 fine. The trial court also gave her credit for serving fifteen days.

1

Martinez's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On September 25, 2024, we granted an extension of time for Martinez to file a pro se brief. We received no response from Martinez.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support the appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on March 11, 2025
Opinion Delivered March 12, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

---

[1]Martinez may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.